IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE C. SIMPSON,

                                                              ORDER

            Plaintiff,

                                                      11-cv-606-bbc

    v.

M.S. OLSON and GARY H. HAMBLIN,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In response to this court's December 5, 2011 order reopening this case, plaintiff has submitted a certified copy of his six-month trust fund account statement so that I can determine whether he qualifies for indigent status and, if he does, calculate an initial partial payment of the $350 fee for filing this case. In determining whether a prisoner litigant qualifies for indigent status this court applies the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner requesting leave to proceed <u>in forma pauperis</u> must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint.

       In this case, 20% of the average monthly balance is $0.00, but 20% of the average monthly deposits made to his account is $1.67. Because the greater of the two amounts is 20%

1

of the average monthly deposits, or $1.67, that is the amount plaintiff will be assessed as an initial partial payment of the filing fee. If plaintiff does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount plaintiff must pay at this time is the $1.67 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

  Lastly, I note that there is a $50.00 deposit from May 31, 2011 listed on plaintiff's recently submitted trust fund account statement that was not listed on the six-month trust fund account statement that plaintiff submitted on September 19, 2011 for the period between February 28, 2011 and August 31, 2011, see dkt. 8. Although plaintiff also submitted an affidavit stating under penalty of perjury that this trust fund account statement was an authentic copy, that trust fund account statement was not a certified copy from the institution's business office. Nevertheless, the court assessed plaintiff's initial filing fee in reliance on that statement, which was missing the $50.00 deposit made on May 31, 2011. Plaintiff is advised that any future trust fund account statements submitted to this court must be certified copies from his institution's business office.

ORDER

IT IS ORDERED that plaintiff Willie Simpson is assessed $1.67 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $1.67 on or before January 4, 2012. If, by January 4, 2012, plaintiff fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 14th day of December, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge